## MEFFORD v DEURSING et

Ohio Appeals, 1st Dist, Butler Co

No 732.   Decided Nov 10, 1937

W. C. Shepherd, Hamilton, for appellee.
Grischy & Grischy, Cincinnati, for appellants.

## OPINION

**PER CURIAM**

The essential requisite of the delivery of a deed is that the grantor shall intend to part with control of the instrument, and that the person to whom it is delivered shall intend to assume control. The process of the manual tradition of the instrument may vary, but the intention may not.

It is clear that the transaction at the Deursing home does not disclose that the grantors intended to relinquish control over it. It was necessary for them to retain control in order to complete it. It is likewise clear that the grantee did not intend to accept an instrument that had only been executed by part of the grantors.

The only other incident that is claimed to constitute a delivery took place at a building association office in Hamilton. At that time and place the other grantor executed the instrument, but what was said shows that the grantee did not intend to accept delivery until an examination of the title showed that the deed conveyed what was warranted therein.

The examination of the title disclosed that there were taxes and assessments which were liens upon the property, the existence of which would constitute a breach of the warranty. By the time this was reported to the grantee, she had concluded not to take the property.

There was, therefore, no delivery and no transfer of the title.

The cross-petitioners' claim, therefore, must stand or fall as a contract to convey, rather than a conveyance. It falls, because there is no evidence of a writing, signed by the grantee in compliance with the statute of frauds, and no part performance to take the contract out of the statute.

For these reasons, the court finds that the defendants are not entitled to foreclosure of vendors' lien, but are entitled to an accounting of the rents and profits during the occupancy of the plaintiff, and that the plaintiff is entitled to partition of the premises.

ROSS, PJ, HAMILTON and MATTHEWS, JJ, concur.